J-S03040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL GALLAGHER | : | |
| | : | |
| Appellant | : | No. 769 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 26, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002817-2022

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: FEBRUARY 7, 2024**

Daniel Gallagher ("Gallagher") appeals from the judgment of sentence imposed by the Court of Common Pleas of Luzerne County following his guilty plea to aggravated assault, terroristic threats, defiant trespass, and resisting arrest.[1] Gallagher's counsel, Robert M. Buttner ("Counsel"), seeks to withdraw from representation pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Gallagher's judgment of sentence.

On August 8, 2022, the Commonwealth filed a criminal information charging Gallagher with multiple crimes that occurred the prior day when police discovered Gallagher trespassing on private property. When police

---

[1] 18 Pa.C.S. §§ 2702(a)(3), 2706(a)(1), 3503(b)(1)(ii)-(iii), 5104.

attempted to apprehend Gallagher, he resisted, which resulted in the hospitalization of one of the arresting officers. On February 13, 2023, Gallagher entered a guilty plea to one count each of aggravated assault, terroristic threats, and resisting arrest and two counts of defiant trespass in exchange for the Commonwealth withdrawing his remaining charges. The parties did not agree to a sentence as part of the plea deal. The trial court accepted the plea, deferred sentencing, and ordered a pre-sentence investigation report.

On April 26, 2023, at his sentencing hearing, Gallagher orally requested to withdraw his guilty plea.[2] After holding a hearing on the motion, the trial court denied Gallagher's request to withdraw his plea and then sentenced him to an aggregate term of fourteen to twenty-eight months in prison. Gallagher did not file any post-sentence motions.

On May 25, 2023, Gallagher filed a timely notice of appeal.[3] The trial court ordered Gallagher to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and in

_____

[2] Gallagher was represented throughout his guilty plea and sentencing hearings by Girard Mecadon ("Plea Counsel"). Although represented by Plea Counsel, Gallagher asked the trial court to withdraw his guilty plea on his own accord. Generally, "hybrid representation is not permitted." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). Nonetheless, Gallagher orally requested to withdraw his guilty plea at his sentencing hearing, and the trial court heard argument, took testimony, and ultimately ruled on the matter. **See** N.T., 4/26/2023, at 1-14.

[3] Also on May 25, 2023, Counsel entered his appearance on Gallagher's behalf.

- 2 -

response, Counsel filed a statement of intent to withdraw pursuant to **Anders**/**Santiago** in lieu of a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4) ("If counsel intends to seek to withdraw in a criminal case pursuant to **Anders**/**Santiago** … counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement.").

On September 28, 2023, Counsel filed an **Anders** brief and petition to withdraw as counsel in this Court. When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in **Anders** and **Santiago**. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008). There are mandates that counsel seeking to withdraw pursuant to **Anders** must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel

- 3 -

either to comply with ***Anders*** or file an advocate's brief on [a]ppellant's behalf).

***Id.*** (citations omitted).

Additionally, ***Santiago*** sets forth precisely what an ***Anders*** brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issues he believes might arguably support Gallagher's appeal. ***See Anders*** Brief at 4-27. Counsel's brief further sets forth his conclusion that the appeal is frivolous and includes discussion of and citation to relevant authority in support of his conclusion. ***Id.*** at 21-22. Finally, Counsel attached to his petition to withdraw the letter

- 4 -

he sent to Gallagher, which enclosed Counsel's petition and **Anders** brief. Petition to Withdraw, 9/28/2023, Exhibit A. Counsel's letter advised Gallagher of his right to proceed pro se or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. **Id.** Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issues Counsel raised in the **Anders** brief:

> 1. Did the trial court err in failing to grant [Gallagher]'s pro se request to withdraw his guilty plea?
>
> 2. Did the trial court abuse its discretion by imposing an excessive sentence?

**Anders** Brief at 3.

For his first issue, Gallagher argues that the trial court erred in failing to grant his pre-sentence request to withdraw his guilty plea. **Anders** Brief at 11. Specifically, Gallagher contends that Plea Counsel informed him that he would receive a nine-to-sixteen-month sentence of house arrest and that he pled guilty in reliance on that information.[4] **Id.** Thus, Gallagher asserts that the trial court should have permitted him to withdraw his plea because he pled guilty believing that he would receive house arrest and not a sentence

---

[4] There are inconsistencies in the **Anders** brief and the sentencing hearing transcript about whether Gallagher believed he would receive a nine-to-sixteen-month sentence or a nine-to-eighteen-month sentence. Indeed, Gallagher frequently switches between the two sentences while arguing his motion to withdraw his guilty plea during his sentencing hearing. **See** N.T., 4/26/2023, at 3. For ease of review, and based upon our review of the record, we will use nine to sixteen months when discussing Gallagher's argument.

of state incarceration. *Id.* Gallagher asserts that his argument presents a fair and just reason to withdraw his plea and that the Commonwealth would not be prejudiced by him withdrawing his plea. *Id.* at 14-18.

We review a trial court's denial of a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017); *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017). *See also* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty[.]"). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law is based on the facts of record." *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013) (citation omitted). Regarding the review required of a pre-sentence motion to withdraw a guilty plea, we have explained:

> "[T]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." [*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019)] (quoting *Commonwealth v Widmer*, [] 744 A.2d 745, 753 ([Pa.] 2000)). The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. *Id.* "The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible

under our constitution." [*Islas*, 156 A.3d at 1188] (quoting *Commonwealth v. Elia*, 83 A.3d 254, 262 (Pa. Super. 2013)[]). Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. *Norton*, 201 A.3d at 121.

*Commonwealth v. Garcia*, 280 A.3d 1019, 1024 (Pa. Super. 2022).

As our Supreme Court has explained, there are several considerations that factor into a decision on a pre-sentence motion to withdraw a guilty plea:

(1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth."

*Norton*, 201 A.3d at 116 (quoting *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)).

A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. Trial courts have discretion to assess the plausibility of claims of innocence.

*Garcia*, 280 A.3d at 1023 (internal citations and quotations omitted).

In *Norton*, our Supreme Court made clear that the "fair-and-just reason" determination for the pre-sentence withdrawal of a guilty plea must be determined on a case-by-case basis. *Norton*, 201 A.3d at 122 n.7. "[W]e are not creating any per se rules regarding what constitutes a fair and just reason[.] … Rather, when ruling on a presentence motion to withdraw a guilty

plea, a court should carefully exercise its discretion in accordance with the law." *Id.*

Our review of the certified record reveals the following. At the time of sentencing, Gallagher stated that he entered the guilty plea because Plea Counsel had informed him that he would receive a nine-to-sixteen-month sentence of house arrest. N.T., 4/26/2023, at 3. Gallagher continued, stating, "If I have to go to State, I'd like to go to trial, change my plea" and "the only reason why I plead guilty was to get out of jail." *Id.* at 4, 6. Plea Counsel denied that he ever informed Gallagher that he would receive a nine-to-sixteen-month sentence of house arrest as part of the plea deal. *Id.* at 3-5.

The trial court found Plea Counsel's testimony credible. Trial Court Opinion, 7/17/2023, at 2. The trial court rejected Gallagher's motion, finding that Gallagher was seeking to withdraw his plea because "this is just a case where the [d]efendant doesn't like the sentence he's about to receive and wants to back out of it[.]" *Id.* at 5-6, 12.

While Gallagher asserted that Plea Counsel told him he would receive a nine-to-sixteen-month sentence of house arrest if he pled guilty, Plea Counsel denied having done so, and the trial court credited Plea Counsel's testimony. Credibility determinations are solely within the purview of the trial court, *Garcia*, 280 A.3d at 1024, and the record supports the trial court's findings.[5]

---

[5] Because Gallagher failed to present a fair and just reason for withdrawing his plea, we need not consider whether the withdrawal of the guilty plea would
*(Footnote Continued Next Page)*

Moreover, at his guilty plea hearing, Gallagher stated that he was not promised a specific sentence in return for his guilty plea and that he understood that his sentence would be left to the discretion of the trial court. N.T., 2/13/2023, at 3, 5; *see also* N.T., 4/26/2023, at 5, 13. Likewise, Gallagher's written plea colloquy expressly set forth the maximum sentence to which he was potentially subject. *See* Written Plea Colloquy, 2/13/2023, at 1. A defendant is bound by his statements made during his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *see also Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017) (noting that "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise") (citation omitted). Accordingly, the trial court did not abuse its discretion in denying his pre-sentence request to withdraw his guilty plea, and we agree that, under the circumstances presented here, the claim is frivolous.

For his second issue, Gallagher argues that the trial court imposed an excessive sentence because it did not sentence him in the mitigated range after he pled guilty and accepted responsibility for his actions. *Anders* Brief

_____

have substantially prejudiced the Commonwealth. *See Carrasquillo*, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth because defendant failed to assert a fair and just reason to withdraw the plea).

at 18-20. This issue challenges the discretionary aspects of Gallagher's sentence.[6]

"The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," *id.*, including:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013).

Gallagher has waived his discretionary aspects of sentencing claim by failing to satisfy the first prong of the above test. Our review of the certified record reveals that Gallagher never filed a post-sentence motion challenging the discretionary aspects of his sentence. Additionally, the transcript of the sentencing proceedings reveals that Gallagher did not challenge the discretionary aspects of his sentence at sentencing. *See* N.T., 4/26/2023, at 14-22. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a

_____

[6] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation and quotations omitted). Further, this Court has plainly stated that "the mere filing of an ***Anders*** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." ***Commonwealth v. Cox***, 231 A.3d 1011, 1016 (Pa. Super. 2020). As Gallagher has waived his discretionary aspects of sentencing claim, Counsel is correct that raising this issue on appeal would be frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Our independent review of the record reveals no other non-frivolous issues that Gallagher could raise on appeal. ***See Dempster***, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Gallagher's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed. Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/7/2024

- 11 -